CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 25 2021

JULIA C. DUDLEY, CLERK
BY: /s/ A. Seagle
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.7:08-CR-31 |
| | ) | |
| DONALD EDWARD BROWN, | ) | By: Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendant | ) | |

## MEMORANDUM OPINION

Donald Edward Brown, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018 ("the Act"). ECF No. 341. The government concedes that Brown is eligible for relief but argues that the court should exercise its discretion and deny relief, because Brown has twice violated the terms of supervised release. For the reasons set forth below, the court **GRANTS in part** Brown's motion and reduces from 18 months to 6 months his term of incarceration based on the revocation of supervised release.

I.

On September 18, 2008, Brown was charged in a superseding indictment as part of a multi-defendant drug and firearms case with one count of distributing a measurable quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 6), and one count of distributing 5 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 7). ECF No. 86. On September 26, 2008, Brown entered into a plea agreement in which he pled guilty to Count 7. ECF Nos. 103, 104. The parties agreed that Brown would be held responsible for 8.7 grams of cocaine base; that no aggravating role

adjustment would be applied; that he should receive maximum credit for acceptance of responsibility; that he would have the opportunity to earn a substantial assistance motion; and that the government would not object to consideration of the safety valve if applicable. Pre-Sentence Investigation Report ("PSR"), ECF No. 332, ¶ 5.

Brown faced a statutory sentence of 5 to 40 years. Id., ¶ 52. Based on 8.7 grams of cocaine base, Brown had a base offense level of 24. Because he traded cocaine base for firearms, he received a 2-point increase for an adjusted offense level of 26. He received a 3-point decrease for acceptance of responsibility, resulting in a total offense level of 23. Id., ¶¶ 22-31. He had a criminal history category of III, making his guidelines range 57 to 71 months. Id., ¶ 53. However, because he faced a statutory minimum sentence of 5 years, his guidelines range became 60 to 71 months. Id.

Prior to sentencing, the government moved for a downward departure. ECF No. 139. On January 6, 2009, Brown was sentenced to 27 months in BOP custody, and a 5-year term of supervised release. Count 6 was dismissed. Jmt., ECF No. 148.

On October 29, 2010, Brown was released from custody to begin serving his 5-year term of supervised release. ECF No. 253. On January 14, 2012, Brown was arrested and charged with possession with intent to distribute crack cocaine. Id. On August 23, 2012, Brown's term of supervised release was revoked and he was sentenced to an 18-month term of imprisonment to be followed by a 36-month term of supervised release. Jmt., ECF No. 286.

2

On July 19, 2013, Brown was released from custody to begin serving the 36-month term of supervised release. ECF No. 291. On April 28, 2016, Brown was indicted on one count of conspiracy to distribute 280 grams of cocaine base and 5 counts of distributing cocaine in the Western District of Virginia. ECF No. 311. See United States v. Brown, 7:16-CR-24 (W.D. Va. filed April 28, 2016). On May 30, 2017, Brown's period of supervision was revoked, and he was ordered to serve 18 months, to run consecutively to the 120-month sentence imposed in 7:16-CR-24, for a total of 138 months. Jmt., ECF No. 330. The 120-month sentence later was reduced to 84 months following a Rule 35(b) motion, resulting in a total of 102 months. See ECF No. 49 in Brown, 7:16-CR-24. Upon release, Brown is to serve a 3-year term of supervised release concurrently with a 5-year term assessed in 7:16-CR-24. Jmt., ECF No. 330.

According to the Bureau of Prisons website, Brown is scheduled to be released from custody on September 10, 2023.

## II.

At the time Brown was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub.

L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base. For an offense involving an unspecified amount of cocaine base, the punishment range did not change under the Fair Sentencing Act, and remains punishable by up to 20 years imprisonment. 21 U.S.C. § 841(b)(1)(C).

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

Brown committed his offense before August 3, 2010, and his offense carries the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act. In addition, because a revocation sentence is considered part of the penalty for his initial offense, the revocation sentence is subject to modification under the First Step Act. United States v. Venable, 943 F.3d 187, 194-95 (4th Cir. 2009). Therefore, he is eligible for relief under the First Step Act. Although Brown is eligible for relief, the court has discretion to modify his sentence. Id. at 194 and n. 10.

4

### III.

Because Brown was convicted on 5 or more grams of cocaine base, his maximum statutory sentence is now 20 years under 21 U.S.C. § 841(b)(1)(C). In addition, if he were sentenced today, his guidelines range would be 24 to 30 months, based on a total offense level of 15 and a criminal history category III. The reduction in his guidelines range is a result of the retroactive guidelines reductions made to U.S.S.G. § 2D1.1. Because his maximum statutory sentence is now 20 years, his felony is categorized as "Class C," where previously, it was a "Class B" felony. 18 U.S.C. § 3559(a). When a period of supervised release is revoked for a person convicted of a Class C felony, the maximum revocation period that can be imposed is 2 years. 18 U.S.C. § 3583(e)(3).

Brown argues that because he is eligible for a reduction in his sentence, the court must consider the factors set out in 18 U.S.C. § 3553(a). See United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020) (noting that the government conceded that the § 3553(a) factors apply in the § 404(b) resentencing context). Brown also argues that the court has discretion to vary from the guidelines and that when all the factors are considered, Brown's revocation sentence should be reduced from 18 months to one day.

Brown points out that if he were sentenced today under the 24-30 months guideline range and he received a substantial assistance reduction equivalent to the reduction he received when he originally was sentenced, his sentence would be less than a year. He also contends that because his conviction is now considered a Class C felony, and the total statutory maximum sentence on revocation is 2 years, and because he was sentenced to 18 months on

5

the 2012 revocation, the court should find that his guidelines revocation sentence is limited to 6 months under the statute. Thus, he argues that at a minimum, the court should reduce his current sentence by one year.

Brown further argues that his situation warrants a sentence of one day because of the small amount of cocaine base, 8.7 grams, for which he was convicted and the fact that he has served 27 months on the offense, plus 18 months on the 2012 revocation. In addition, he already has spent approximately five years on supervised release. He asserts that this is an outsized punishment for less than 10 grams of cocaine base.

Brown also points out that although he has been incarcerated for more than four years, he has had only one disciplinary infraction for "getting his picture from someone who had a cell phone" and is classified as a low security risk. He has obtained his GED, has completed drug education courses, and has entered the Residential Drug Treatment Program. He also has learned construction skills while he has been incarcerated. Finally, Brown asks the court to consider the impact of COVID-19 on his request for a sentence modification, although he concedes that he is relatively young and in good health.

The government agrees that Brown is eligible for relief under the First Step Act but nevertheless asserts that the court should exercise its discretion to deny his release. The government first argues that Brown is not entitled to a plenary resentencing but only to modification of his sentence and that aside from the changes made by the First Step Act, the court should consider only retroactive legal changes and not all subsequent legal changes. It asserts that to incorporate all legal changes, even those that are not retroactive, would promote

unfairness because only defendants with convictions for cocaine base would gain the benefit of the changes while other defendants would not. The government asserts that a court might consider the impact of non-retroactive legal changes on the § 3553(a) factors, but should not consider them applicable as a matter of law and should not rely upon them to grant sentence reductions outside of the modification authorized by the First Step Act.

The government also argues that the court should exercise its discretion and decline to modify Brown's revocation sentence because he failed to abide by the conditions of his release. It further argues that at the time the revocation sentences were imposed, the court deemed the lengths of the sentences necessary and there are no grounds for revisiting that determination and reducing the term imposed. In addition, the government argues that granting Brown relief would be contrary to public policy and the purposes of supervised release because he breached the court's trust when he reoffended.

Finally, the government argues that a reduction of Brown's sentence is unwarranted because his original sentence was reduced due to his cooperation and that his revocation sentence of 18 months may have been an upward departure from the recommended sentencing range in response to the earlier reduction. It argues that a reduction now would be inconsistent with that consideration.[1]

---

[1] The government also argues that a defendant should not be allowed to "bank" overserved time and then apply it to a sentence imposed for violation of a term of supervised release. Brown did not raise that argument but the court notes that in previous cases it has declined to consider "banked" time as credit against a future sentence.

The court, having considered the arguments of the parties, will apply the factors set forth in 18 U.S.C. § 18 U.S.C. § 3553(a) to determine whether a reduction is warranted.[2][3] The statute directs the court to consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(3), taking into account any amendments made to such guidelines or policy statements by Act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under 28 U.S.C. § 994(p); (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

First, considering the nature and circumstances of the offense and the history and characteristics of the defendant, the court finds that Brown was convicted of a relatively small amount of cocaine base and that he was only 18 years old at the time of his arrest. According

---

[2] The court agrees that non-retroactive legal changes are not binding when considering modification of a sentence under the First Step Act but considers them relevant to the analysis of the § 3553(a) factors.
[3] The court does not consider Brown's argument regarding Compassionate Release because he has not shown that he has exhausted administrative remedies and has not supported his argument with evidence that he is entitled to release on that basis.

8

to the sentencing guidelines, "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7 Pt. A. Giving the underlying violation and Brown's criminal history limited consideration, the court nevertheless finds that the small quantity of drugs and Brown's youth at the time of the original offense weigh in favor of modifying his sentence. Additionally, Brown's obtaining of a GED while incarcerated and maintaining an almost perfect disciplinary record weigh in favor of a reduction in his sentence.

Turning to the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, the court finds that these factors weigh against modification of Brown's sentence. First, it does not appear that Brown was deterred from criminal activity after the first period of supervised release was revoked as he returned to selling drugs. Having him serve his complete term may provide additional deterrence to his reoffending when he is released.

Second, if Brown remains incarcerated, he will be able to complete the Residential Drug Treatment Program. According to the PSR, Brown reported using marijuana daily since he was 15 years old and also had used Ecstasy and Valium. PSR, ECF No. 332 ¶ 47. In a sentencing memorandum filed on May 4, 2017, his attorney represented to the court that Brown continued to struggle with substance abuse, particularly cocaine, and added that he

denied his addiction despite positive drug screens. ECF No. 326 at 3. Serving the full revocation term would give him an opportunity to complete drug abuse programming.

Looking at the kinds of sentences available, the court notes that if Brown were sentenced on the revocation today, the maximum sentence he would face based on a Class C felony would be 2 years, and that he previously served the 18-month term of revocation on the same felony. While the court has discretion to not lower the term, this factor weighs in favor of reducing his revocation sentence to 6 months.

The court next considers the kinds of sentence and the sentencing range established for the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(3), taking into account any amendments made to such guidelines or policy statements by Act of Congress. The court previously noted that if Brown were sentenced today his guidelines sentencing range would be only 24-30 months and also noted Brown's argument that if he received an equivalent substantial assistance reduction, he would have served less than a year. Because Brown has served a total of 45 months on the original conviction and the first revocation, the court finds that consideration of the reduced guidelines range weighs in favor of a reduction in his revocation sentence.

Regarding the need to avoid unwarranted sentencing disparities, Brown's codefendants were convicted on weapons charges rather than drug charges, and the differences in their sentences do not weigh either in favor of or against a modification of his sentence. Finally, neither party has pointed to a policy statement that might affect the court's determination and there are no identified victims to whom he needs to make restitution.

The § 3553(a) factors, taken together, lead the court to conclude that Brown's 18-month revocation sentence should be reduced to 6 months. The court finds that such a sentence is sufficient, but not greater than necessary, to comply with the goals of punishment set out in 18 U.S.C. § 3553(a)(2).

IV.

For the reasons set forth above, Brown's motion for relief under the First Step Act, ECF No. 341, is **GRANTED in part** and his 18-month term of incarceration is reduced to 6 months. This term provides a sentence that is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. This modified 6-month term runs consecutively to the 120-month term assessed in United States v. Brown, 7:16CR00024 (W.D. Va. May 30, 2017) which later was reduced to 84 months, for a total modified sentence of 90 months.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: 02-25-2021

Michael F. Urbanski
Chief United States District Judge